UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ANDRE GREEN,

                   Plaintiff,             17 Civ. 3913 (RWS)

    -against-                        OPINION

SINAI VAN SERVICE,

                   Defendant.

------------------------------------X

A P P E A R A N C E S:

> Pro Se Plaintiff
>
> ANDRE GREEN
> 316 West 97th Street, Apt. 47C
> New York, NY 10025
>
>
> Attorneys for Defendant
>
> SCHLOSS & SCHLOSS, PLLC
> 420 Route 59
> Airmont, NY 10952
> By:  Jonathan B. Schloss, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1|8|18

**Sweet, D.J.**

Defendant Sinai Van Service ("Sinai Van Service" or
the "Defendant") has moved pursuant to Federal Rule of Civil
Procedure 12(b)(6) to dismiss the complaint ("Complaint") of
Plaintiff Andre Green ("Green" or the "Plaintiff"), in which the
Plaintiff alleged claims pursuant to the Fair Labor Standards
Act ("FLSA"), 29 U.S.C. §§ 201-219.[1] Plaintiff has cross-moved
for summary judgment pursuant to Federal Rule of Civil Procedure
56. Based on the facts and conclusions set forth below, the
Defendant's motion to dismiss is granted, and the Plaintiff's
motion for summary judgment is denied as moot.

## I.   **Prior Proceedings**

The *pro se* Plaintiff commenced this action on May 23,
2017, alleging that he did not receive full payment from his
employer, Sinai Van Service, for his work completed from May 1,
2017 through May 5, 2017. Plaintiff has alleged his injuries as

---

[1] The Court has liberally construed the Plaintiff's
allegations as claims brought pursuant to the FLSA given that "when
[a] plaintiff proceeds *pro se*, . . . a court is obliged to construe
his pleadings liberally." (*See* Order, July 25, 2017, ECF No. 5.) The
Complaint alleges the Defendant's failure to provide full payment for
employment services rendered, failure to provide pay stubs for any
completed pay period, the Defendant's withholding of the Plaintiff's
pay check, and wrongful termination. (Compl.)

unpaid wages, $50,000 in compensatory and punitive damages, and $50,000 in mental anguish and emotional distress. Defendant filed the present motion to dismiss on September 15, 2017, and Plaintiff filed this motion for summary judgment on October 12, 2017. Both motions were thereafter scheduled to be taken on submission on November 29, 2017, (*see* Order, Oct. 17, 2017, ECF No. 16), at which time both motions were marked fully submitted.

## II.   **The Facts**

The Complaint sets forth the following facts, which are assumed true for the purpose of this motion to dismiss.[2] *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

The Plaintiff began his employment with the Defendant on April 27, 2017, was trained on April 27 and 28, 2017, and

---

[2] While the Plaintiff has set forth some additional information in his motion for summary judgment, these details are not considered on this motion to dismiss as "a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint. If a judge looks to additional materials, the motion should be converted into a motion for summary judgment." *See Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) (citation omitted). The Court declines to convert the Defendant's motion to dismiss into one for summary judgment at this time. Therefore, the information provided by the Plaintiff in his motion for summary judgment is not considered in evaluating this motion to dismiss.

3

began as a driver on April 29, 2017.[3] On May 5, 2017, the Plaintiff noticed that he had not received all of his calculated time for hours worked, and that, specifically, he had not received his payments due according to his calculated time for May 1 through 5, 2017. On May 9, 2017, the Plaintiff's manager (the "Plaintiff's Manager") allegedly informed the Plaintiff that he was being terminated for being too slow for the work. The Plaintiff's Manager further informed the Plaintiff that his check was being held for "a week" in order to see whether the Plaintiff had accrued any driving tickets on the van during his tenure. The Plaintiff alleges that he requested his pay check on several occasions, but these requests were denied. He further alleges that he did not receive a time card or a pay summary of his wages and earnings, and that he remains unaware of his work deductions because of this. The Plaintiff also alleges that he received inconsistent payment from the Defendant on May 5 and May 19 because one pay check was unlawfully retained by the Defendant.

---

[3] In the handwritten Complaint, the Plaintiff listed these dates as occurring in May. However, chronology and common sense support the inference that the Plaintiff actually intended to list these dates as occurring in April. Accordingly, the aforementioned dates are treated as referring to April 27 through 29.

4

### III. **The Applicable Standard**

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

While "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *Munoz-Nagel v. Guess, Inc.*, No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y.

Apr. 30, 2013) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); *Williams v. Calderoni*, 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citation and internal quotation omitted).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

## IV.  **The Defendant's Motion to Dismiss Plaintiff's Complaint Is Granted**

Construing the Complaint liberally, the Plaintiff has failed to state any claim upon which relief may be granted. The Plaintiff has asserted four claims against the Defendant: the Defendant's failure to provide full payment for employment services rendered; failure to provide pay stubs for any completed pay period; the Defendant's withholding of the

6

Plaintiff's pay check; and wrongful termination. However, the Plaintiff has failed to assert in the Complaint either the federal laws or statutes upon which he hopes to rest his claims, or sufficient facts or details supporting these allegations. Given that a district court may not look outside of "the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," the Court is limited to only the few, vague details provided in the Complaint and previously mentioned in deciding this motion to dismiss. *See DiFolco*, 622 F.3d at 111. Without more, the Complaint, even construed liberally, "merely creates a suspicion [of] a legally cognizable right of action." *See Twombly*, 550 U.S. at 555. Accordingly, the Defendant's motion to dismiss the Complaint is granted, and the Plaintiff is granted sixty (60) days to file a revised complaint.[4]

---

[4]Although the Plaintiff has provided further details in support of his claims in his motion for summary judgment, such as the hours he allegedly worked and the amount of pay allegedly provided and not provided to him by the Defendant, these allegations are not considered on review of the Defendant's motion to dismiss for the aforementioned reasons. *See Hayden*, 180 F.3d at 54. If the Plaintiff repleads, any factual details may be relevant to his claims under any applicable federal laws or statutes. As with regards to any *pro se* plaintiff, the Plaintiff is advised to seek assistance from the Office of Pro Se Litigation with respect to procedural questions. The New York Legal Assistance Group may be available to assist *pro se* litigants.

7

## V.    Conclusion

For the foregoing reasons, the Defendant's motion to dismiss is granted, and the Plaintiff's motion for summary judgment is rendered moot. The Plaintiff is granted leave to replead within sixty (60) days.

It is so ordered.

**New York, NY**
**January 5 , 2018**

ROBERT W. SWEET
U.S.D.J.

8